IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA GARDNER, | ) | FILED: JUNE 25, 2008 |
| | ) | 08CV3636 |
| Plaintiff, | ) | JUDGE COAR |
| | ) | MAGISTRATE JUDGE KEYS |
| v. | ) No. | |
| | ) | |
| PATHWAY SENIOR LIVING, LLC. | ) | TC |
| an Illinois corporation, | ) | **PLAINTIFF DEMANDS** |
| | ) | **TRIAL BY JURY** |
| Defendant. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, LINDA GARDNER, by her attorneys, BEST, VANDERLAAN & HARRINGTON, and in complaining of the Defendant, PATHWAY SENIOR LIVING, LLC, (hereinafter referred to as "Pathway" or Defendant), states as follows:

### NATURE OF THE CLAIM

1. This is an action seeking redress for discrimination in violation of the Illinois Worker's Compensation Act, 820 ILCS 305/4 et al., the Family and Medical Leave Act (hereinafter "FMLA"), 29 U.S.C. §2601, the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §1132, retaliatory discharge and other common law theories of recovery.

### JURISDICTION AND VENUE

2. Jurisdiction lies in this Court pursuant to 28 U.S.C. §1343(a)(3) and (4); 29 U.S.C. §1132; 28 U.S.C. §1331; and 29 U.S.C. §2617(2)(A) Supplemental jurisdiction is based upon 28 U.S.C. §1367(a).

1

3. Venue is proper in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §12201 and 28 U.S.C. §1391(b) and (c), as Defendant resides herein.

## PARTIES

4. Plaintiff GARDNER is a female citizen of the United States and currently is a resident of Elk Grove Village, Illinois.

5. GARDNER was at all relevant times an employee of Defendant and at all relevant times worked for the Defendant in the State of Illinois under its authority and control.

6. Defendant PATHWAY SENIOR LIVING, LLC., is an Illinois limited liability corporation doing business in Illinois and located at 701 Lee Street, Des Plaines, Illinois 60016.

## COUNT I
## RETALIATORY DISCHARGE – FILING A WORKER'S COMPENSATION CLAIM

7. The Plaintiff repeats and reasserts paragraphs 1 through 6 as this Paragraph 7 as though fully set forth herein.

8. On or about October 5, 2007, and for some time prior thereto, there existed Pathway Senior Living, LLC, located at or near 701 Lee Street, Des Plaines, Illinois 60016, County of Cook.

9. On or about October 5, 2007, and at all times relevant hereto, Defendant, PATHWAY, was an Illinois Limited Liability Corporation.

10. On or about May 4, 2007, Plaintiff was employed as the Recreation Director with the Defendant, PATHWAY.

11. At all times throughout the course of her employment, Plaintiff performed her job to the satisfaction of her employer and beyond.

12. On or about May 4, 2007, Plaintiff sustained injuries which arose out of and in the scope of her employment with Defendant, in that Plaintiff sustained an injury to her back when moving tables and chairs.

13. Approximately one week after her injury, on or about May 8, 2007, Plaintiff informed her supervisor about her injury and back pain.

14. On Sunday, May 13, 2007, Plaintiff contacted her supervisor to advise him that she would not be able to work the following day due to her back pain.

15. On May 15, 2007 Plaintiff reported for duty, but was forced to leave midway through the day because of the pain she was experiencing. Plaintiff advised her supervisor that she was leaving and was subsequently admitted into the emergency room on May 17, 2008

16. Between May 4, 2007 and October 5, 2007, Plaintiff remained employed by the Defendant.

17. From on or about May 8, 2007, Plaintiff notified Defendant of said injuries, and continuously sought and attained medial treatment for the same via Defendant's Worker's Compensation plan, and by doing so, exercised her rights under the Worker's Compensation Act.

18. Plaintiff completed forms provided to her by Defendant to make a worker's compensation claim and Defendant sent Plaintiff to a physician for an examination of her injuries and was diagnosed with a herniated disc, sciatic nerve damage, laminectomy, and discectomy.

19. On or about July 12, 2007, Plaintiff continued to pursue the rights and remedies granted her by certain provisions of the Illinois Worker's Compensation Act, by being placed on a weight lifting restriction pursuant to the orders of her doctor while recuperating from her injuries, and notified Defendant of the same.

20. Plaintiff's injury and pain progressed and became worse. Plaintiff was scheduled for surgery on August 16, 2007. Plaintiff informed her supervisor that she would be off for approximately six to eight weeks after her surgery.

21. At all times relevant to this action, the Illinois Workers' Compensation Act provided, in pertinent part:

> "It shall be unlawful for any employer, to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his or her rights or remedies granted to him or her by this Act." (820 ILCS 305/4(h)).

22. On or about October 5, 2007, Defendant intentionally, willfully and/or with reckless disregard of Plaintiff's rights, discharged Plaintiff from her employment in retaliation for and solely because of, Plaintiff's exercise of her rights under the Illinois Worker's Compensation Act.

23. As a direct and proximate result of the above, Plaintiff was damaged as a result of the retaliatory discharge from her employment by Defendant in that Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, severe emotional distress, humiliation, embarrassment; physical harm, damage to reputation, attorneys' fees, and costs.

WHEREFORE, Plaintiff, LINDA GARDNER, respectfully requests that this Court enter a judgment in her favor and against Defendant, PATHWAY SENIOR LIVING, LLC in an amount that will fully compensate her for her injuries and damages for Defendant's violation, including loss of pay, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment,

compensatory damages for severe emotional distress, humiliation, embarrassment, physical harm, damage to reputation, punitive damages, attorneys' fees, and costs, and for any other and further relief which the Court deems just and proper.

compensatory damages for severe emotional distress, humiliation, embarrassment, physical harm, damage to reputation, punitive damages, attorneys' fees, and costs, and for any other and further relief which the Court deems just and proper.

## COUNT II
## RETALIATORY DISCHARGE – SEEKING MEDICAL ATTENTION UNDER THE WORKER'S COMPENSATION ACT

24. The Plaintiff repeats and reasserts the allegations of paragraphs 1 through 23 as this Paragraph 24 as though fully set forth herein.

25. On or about October 5, 2007, Defendant was authorized to do business in the State of Illinois and was doing business in Cook County, Illinois.

26. On or about October 5, 2007, and at all relevant times herein, Plaintiff was an employee of Defendant and was employed as the Director of Activities.

27. At all relevant time to this action, Defendant was subject to the provisions of the Illinois Worker's Compensation Act, and was required to conform to the provisions of that Act.

28. On May 4, 2007, Plaintiff suffered injuries which arose out of and in the course of her employment with Defendant.

29. Beginning on or about May 8, 2007, Plaintiff notified Defendant of said injuries, and continuously sought and attained medial treatment for the same via Defendant's Worker's Compensation plan, and by doing so, exercised her rights under the Worker's Compensation Act.

30. On or about October 5, 2007, Defendant, individually or through its agents, discharged Plaintiff from active service with Defendant.

31. Defendant, individually or through its agents, acted intentionally toward Plaintiff, in that the reason for Defendant's discharge of Plaintiff from active service was the fact that

5

Plaintiff pursued the rights and remedies granted her pursuant to the Worker's Compensation Act, and continued to seek treatment and medical assistance for said injuries.

32. As a direct and proximate result of the above unjust discharge, Plaintiff was damaged and will continue to suffer damages in that Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment, physical harm, damage to reputation, attorneys' fees, and costs.

WHEREFORE, Plaintiff, LINDA GARDNER, respectfully requests that this Court enter a judgment in her favor and against Defendant, PATHWAY SENIOR LIVING, LLC in an amount that will fully compensate her for her injuries and damages for Defendant's violation, including loss of pay, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, compensatory damages for severe emotional distress, humiliation, embarrassment, physical harm, damage to reputation, punitive damages, attorneys' fees, and costs, and for any other and further relief which the Court deems just and proper.

### COUNT III
### VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT
### 29 U.S.C. §2601

33. Plaintiff repeats and reasserts Paragraphs 1 through 32 as this paragraph 33 as if set forth fully herein.

34. Defendant was at all applicable times a qualified employer as defined under the Family and Medical Leave Act (hereinafter "FMLA"), and at all relevant times employed in

excess of fifty (50) employees within her work site. Plaintiff was at all times relevant an FMLA eligible employee of the Defendant.

35.   The foregoing acts and conduct by Defendant, including but not limited to, failing to fully notify Plaintiff of her rights under the FMLA, failing to provide Plaintiff information pertinent to the FMLA process, altering the terms and conditions of her employment, and terminating Plaintiff's employment, violated the Family and Medical Leave Act.

36.   Defendant, individually, and/or by and through its agents, engaged in the foregoing acts and conduct when they knew or should have known that the same were in violation of the Family and Medical Leave Act and any alleged reasons to the contrary are pretextual.

37.   Defendant's wrongful acts, individually and/or by and through its agents, were deliberate, intentional, willful, wanton and malicious and in total disregard for Plaintiff's rights under the Family and Medical Leave Act of 1993.

38.   As a direct and proximate result of the acts engaged in by Defendant, Plaintiff suffered severe financial damages, including but not limited to loss of pay and benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment; attorneys fees, costs and other damages allowed under the Family and Medical Leave Act.

WHEREFORE, Plaintiff, LINDA GARDNER, respectfully requests that this Court enter judgment in her favor and against Defendant, PATHWAY SENIOR LIVING, LLC., in an amount in an amount that will fully compensate her for her injuries and damages for Defendant's violation of Plaintiff's rights under the FMLA and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits,

past and future, court costs, expense of litigation, expert witness fees, reasonable attorneys' fees, liquidated damages, an injunction against future violations, and prejudgment interest, as well as any other further relief the Court deems just and appropriate.

## COUNT IV
## EMPLOYEE RETIREMENT INCOME SECURITY ACT ("ERISA")
## 29 U.S.C. §1132

39. Plaintiff repeats and reasserts Paragraphs 1 through 38 as this Paragraph 39 as though fully set forth herein.

40. At all relevant times herein, Plaintiff was a participant and beneficiary of the welfare, pension and health benefit plan provided by Defendants.

41. Plaintiff was terminated on or about October 5, 2007, in order to deprive her of continued participation in Defendant's funded employee welfare and benefit program, and to prevent her from receiving benefits under the Worker's Compensation Act

42. Defendant's motivation and intent for terminating the Plaintiff was discriminatory and in violation of ERISA, 29 U.S.C. § 1132 *et. seq.* Defendant offers no legitimate reason for such differential treatment or for the denial of Plaintiff's participation in said employee benefit program; any proffered reason is pretext for Defendant's illegal motivation.

43. Defendant's actions were intentional, willful and wanton, and done with reckless disregard for Plaintiff's federally protected rights and to the Plaintiff's physical well being.

44. As a direct and proximate result of the acts engaged in by Defendant, Plaintiff suffered severe financial damages, including but not limited to loss of pay, loss of benefits, past and future, and other incidentals and benefits of employment, additional medical expenses, attorneys' fees, costs and other damages allowable under ERISA.

WHEREFORE, Plaintiff, LINDA GARDNER, respectfully requests judgment against Defendant, PATHWAY SENIOR LIVING, LLC., in an amount that will fully compensate her for her injuries and damages for Defendant's violation of Plaintiff's rights under ERISA and award Plaintiff damages for loss of pay, loss of benefits, past and future, and other incidentals and benefits of employment, medical expenses incurred, attorneys' fees, costs and other damages allowable under ERISA, as well as any other further relief as the Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

> Respectfully Submitted,
> **LINDA GARDNER**
>
> /s/ *Kimberly A. Carr*
> One of Her Attorneys

Kimberly A. Carr (kcarr@bestfirm.com)
Erin Buck Kaiser (ekaiser@bestfirm.com)
**BEST, VANDERLAAN & HARRINGTON**
12 West Cass Street
Joliet, IL 60432-4292
815.740.1500
815.740.6304 (facsimile)