IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA GARDNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 3636 |
| v. ) | |
| ) | Judge Coar |
| PATHWAY SENIOR LIVING, LLC. ) | |
| an Illinois corporation, ) | |
| ) | |
| Defendant. ) | |

### ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AT LAW

NOW COMES Defendant, Pathway Senior Living, LLC, an Illinois corporation, by and through its attorney, Devlin J. Schoop of Laner, Muchin, Dombrow, Becker, Levin and Tominberg, Ltd. hereby submit its Answer to Complaint at Law as follows:

### NATURE OF THE CLAIM

1. This is an action seeking redress for discrimination in violation of the Illinois Worker's Compensation Act, 820 ILCS 305/4 et al., the Family and Medical Leave Act (hereinafter "FMLA"), 29 U.S.C. §2601, the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §1132, retaliatory discharge and other common law theories of recovery.

### ANSWER:

Defendant admits that this is an action that purports to redress alleged discrimination under the federal and states laws referenced, but denies that it has engaged in any unlawful conduct for which liability can be imposed.

### JURISDICTION AND VENUE

2. Jurisdiction lies in this Court pursuant to 28 U.S.C. §1343(a)(3) and (4); 29 U.S.C. §1132; 28 U.S.C. §1331; and 29 U.S.C. §2617(2)(A) Supplemental jurisdiction is based upon 28 U.S.C. §1367(a).

**ANSWER:**

Defendant admits the allegations contained in Paragraph No. 2, but denies that it has engaged in any unlawful conduct for which liability can be imposed.

3. Venue is proper in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §12201 and 28 U.S.C. §1391(b) and (c), as Defendant resides herein.

**ANSWER:**

Defendant admits the allegations contained in Paragraph No. 3, but denies that it has engaged in any unlawful conduct for which liability can be imposed.

## PARTIES

4. Plaintiff GARDNER is a female citizen of the United States and currently is a resident of Elk Grove Village, Illinois.

**ANSWER:**

Defendant admits that Plaintiff is a female and citizen of the United States, but lacks knowledge or information to form a belief about the truth of the remaining allegations contained in Paragraph No. 4.

5. GARDNER was at all relevant times an employee of Defendant and at all relevant times worked for the Defendant in the State of Illinois under its authority and control.

**ANSWER:**

Defendant admits the allegations contained in Paragraph No. 5.

6. Defendant PATHWAY SENIOR LIVING, LLC., is an Illinois limited liability corporation doing business in Illinois and located at 701 Lee Street, Des Plaines, Illinois 60016.

**ANSWER:**

Defendant admits the allegations contained in Paragraph No. 6.

## COUNT I
## RETALIATORY DISCHARGE – FILING A WORKER'S COMPENSATION CLAIM

7. The Plaintiff repeats and reasserts paragraphs 1 through 6 as this Paragraph 7 as though fully set forth herein.

**ANSWER:**

Defendant incorporates its responses to Paragraph Nos. 1 through 6 as and for its response to Paragraph No. 7.

8. On or about October 5, 2007, and for some time prior thereto, there existed Pathway Senior Living, LLC, located at or near 701 Lee Street, Des Plaines, Illinois 60016, County of Cook.

**ANSWER:**

Defendant admits the allegation contained in Paragraph No. 8.

9. On or about October 5, 2007, and at all times relevant hereto, Defendant, PATHWAY, was an Illinois Limited Liability Corporation.

**ANSWER:**

Defendant admits the allegation contained in Paragraph No. 9.

10. On or about May 4, 2007, Plaintiff was employed as the Recreation Director with the Defendant, PATHWAY.

**ANSWER:**

Defendant admits the allegation contained in Paragraph No. 10.

11. At all times throughout the course of her employment, Plaintiff performed her job to the satisfaction of her employer and beyond.

**ANSWER:**

Defendant denies the allegation contained in Paragraph No. 11.

12. On or about May 4, 2007, Plaintiff sustained injuries which arose out of and in the scope of her employment with Defendant, in that Plaintiff sustained an injury to her back when moving tables and chairs.

**ANSWER:**

Defendant denies that "[o]n or about May 4, 2007, Plaintiff sustained injuries which arose out of and in the scope of her employment with Defendant." Defendant admits that Plaintiff complained about her back hurting in or around May 2007, but Plaintiff did not initially

claim that her back injury was work-related.  Defendant admits that after consulting with a physician, Plaintiff later claimed that she suffered a work-related back injury.  Because Plaintiff did not immediately report her alleged work-related injury, Defendant lacks knowledge or information to form a belief about the truth of the remaining allegation that Plaintiff sustained her alleged injury while moving tables and chairs.

13.  Approximately one week after her injury, on or about May 8, 2007, Plaintiff informed her supervisor about her injury and back pain.

**ANSWER:**

Defendant denies that "approximately one week after her injury, on or about May 8, 2007, Plaintiff informed her supervisor about her injury and back pain."  Defendant admits that Plaintiff complained about her back hurting in or around May 2007, but Plaintiff did not initially claim that her back injury was work-related.  Defendant admits that after consulting with a physician, Plaintiff later claimed that she suffered a work-related back injury.  Because Plaintiff did not immediately report her alleged work-related injury, Defendant lacks knowledge or information to form a belief about the truth of the remaining allegation that Plaintiff sustained her alleged injury during the course of her employment.

14.  On Sunday, May 13, 2007, Plaintiff contacted her supervisor to advise him that she would not be able to work the following day due to her back pain.

**ANSWER:**

Defendant at this time lacks knowledge or information to admit or deny that "[o]n Sunday May 13, 2007, Plaintiff contacted her supervisor to advise him that she would not be able to work the following day due to her back pain."  Defendant admits that Plaintiff did claim to experience back pain in or around May 2007.  Initially Plaintiff did not claim that the back pain was work-related, but later claimed that the back pain was work-related after consulting with a physician.

4

15.　　On May 15, 2007 Plaintiff reported for duty, but was forced to leave midway through the day because of the pain she was experiencing. Plaintiff advised her supervisor that she was leaving and was subsequently admitted into the emergency room on May 17, 2008.

**ANSWER:**

Defendant admits that in or around May 2007, Plaintiff reported for duty but left early, claiming that she was experiencing back pain. Defendant at this time lacks sufficient knowledge or information to admit or deny that Plaintiff advised her supervisor that she was leaving. Defendant at this time lacks sufficient knowledge or information to admit or deny that Plaintiff was "admitted into the emergency room on May 17, 2008."

16.　　Between May 4, 2007 and October 5, 2007, Plaintiff remained employed by the Defendant.

**ANSWER:**

Defendant admits the allegation contained in Paragraph No. 16.

17.　　From on or about May 8, 2007, Plaintiff notified Defendant of said injuries, and continuously sought and attained medial [sic] treatment for the same via Defendant's Worker's Compensation plan, and by doing so, exercised her rights under the Worker's Compensation Act.

**ANSWER:**

Defendant denies that "on or about May 8, 2007, Plaintiff notified Defendant of said injuries, and continuously sought and attained medial [sic] treatment for the same." Defendant admits that initially Plaintiff did not claim that her back injury was work-related, but later claimed that it was work-related after consulting with a physician. Defendant admits that Plaintiff sought and attained medical treatment for her back injury under Defendant's Worker's Compensation plan, which is a protected activity for purposes of the Illinois Workers' Compensation Act.

18.　　Plaintiff completed forms provided to her by Defendant to make a worker's compensation claim and Defendant sent Plaintiff to a physician for an examination of her injuries and was diagnosed with a herniated disc, sciatic nerve damage, laminectomy, and discectomy.

5

**ANSWER:**

Defendants admit that Plaintiff completed *some* of the forms provided to her by Defendant, but deny that Plaintiff completed all forms provided to Plaintiff by the Defendant. Defendant admits that Plaintiff completed forms provided to her by Defendant to make a worker's compensation claim, but refused to complete paperwork necessary to certify Plaintiff's need for FMLA leave. Defendant admits that Plaintiff was examined by a physician, but at this time lacks sufficient knowledge or information to admit or deny Plaintiff's characterization of her physician's diagnoses of Plaintiff's physical condition.

19.    On or about July 12, 2007, Plaintiff continued to pursue the rights and remedies granted her by certain provisions of the Illinois Worker's Compensation Act, by being placed on a weight lifting restriction pursuant to the orders of her doctor while recuperating from her injuries, and notified Defendant of the same.

**ANSWER:**

Defendant admits the allegations contained in Paragraph No. 19.

20.    Plaintiff's injury and pain progressed and became worse. Plaintiff was scheduled for surgery on August 16, 2007. Plaintiff informed her supervisor that she would be off for approximately six to eight weeks after her surgery.

**ANSWER:**

Defendants lack sufficient knowledge or information to admit the truth of the averment "[p]laintiff's injury and pain progressed and became worse," but Defendant admits that Plaintiff was scheduled for surgery on or about August 16, 2007. Defendant admits that Plaintiff informed Defendant that she would be off from work for several weeks after her surgery.

6

21. At all times relevant to this action, the Illinois Workers' Compensation Act provided, in pertinent part:

> "It shall be unlawful for any employer, to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his or her rights or remedies granted to him or her by this Act." (820 ILCS 305/4(h)).

**ANSWER:**

Defendant admits the allegation contained in Paragraph No. 21.

22. On or about October 5, 2007, Defendant intentionally, willfully and/or with reckless disregard of Plaintiff's rights, discharged Plaintiff from her employment in retaliation for and solely because of, Plaintiff's exercise of her rights under the Illinois Worker's Compensation Act.

**ANSWER:**

Defendant denies the allegation in Paragraph No. 22 in its entirety.

23. As a direct and proximate result of the above, Plaintiff was damaged as a result of the retaliatory discharge from her employment by Defendant in that Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, severe emotional distress, humiliation, embarrassment; physical harm, damage to reputation, attorneys' fees, and costs.

**ANSWER:**

Defendant denies the allegation contained in Paragraph No. 23 in its entirety.

### COUNT II
### RETALIATORY DISCHARGE – SEEKING MEDICAL ATTENTION UNDER THE WORKER'S COMPENSATION ACT

24. The Plaintiff repeats and reasserts the allegations of paragraphs 1 through 23 as this Paragraph 24 as though fully set forth herein.

**ANSWER:**

Defendant incorporates its responses to Paragraph Nos. 1 through 23 as and for its response to Paragraph No. 24.

25. On or about October 5, 2007, Defendant was authorized to do business in the State of Illinois and was doing business in Cook County, Illinois.

**ANSWER:**

Defendant admits the allegations contained in Paragraph No. 25.

26.     On or about October 5, 2007, and at all relevant times herein, Plaintiff was an employee of Defendant and was employed as the Director of Activities.

**ANSWER:**

Defendant admits the allegations contained in Paragraph No. 26.

27.     At all relevant time to this action, Defendant was subject to the provisions of the Illinois Worker's Compensation Act, and was required to conform to the provisions of that Act.

**ANSWER:**

Defendant admits the allegations contained in Paragraph No. 27.

28.     On May 4, 2007, Plaintiff suffered injuries which arose out of and in the course of her employment with Defendant.

**ANSWER:**

Defendant at this time lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph No. 28 because the issue of question of the nature and degree of Plaintiff's injuries, including whether they arose out of and in the course of her employment with Defendant is within the exclusive jurisdiction of the Illinois Industrial Commission.

29.     Beginning on or about May 8, 2007, Plaintiff notified Defendant of said injuries, and continuously sought and attained medial [sic] treatment for the same via Defendant's Worker's Compensation plan, and by doing so, exercised her rights under the Worker's Compensation Act.

**ANSWER:**

Defendant admits that in or around May 2007, Plaintiff eventually claimed that her back injury was work-related and, thereafter, sought and obtained medical treatment under Defendant's Worker's Compensation plan. Defendant denies that Plaintiff "notified Defendant of said injuries" insofar as Plaintiff failed to immediately report her back injury as a work-related

injury. Defendant admits that claiming a work-related injury and receiving medical treatment for same is protected activity for purposes of the Illinois Worker's Compensation Act.

30. On or about October 5, 2007, Defendant, individually or through its agents, discharged Plaintiff from active service with Defendant.

**ANSWER:**

Defendant admits that Plaintiff was discharged by Defendant on or about October 5, 2007.

31. Defendant, individually or through its agents, acted intentionally toward Plaintiff, in that the reason for Defendant's discharge of Plaintiff from active service was the fact that Plaintiff pursued the rights and remedies granted her pursuant to the Worker's Compensation Act, and continued to seek treatment and medical assistance for said injuries.

**ANSWER:**

Defendant denies the allegations contained in Paragraph No. 31 in its entirety.

32. As a direct and proximate result of the above unjust discharge, Plaintiff was damaged and will continue to suffer damages in that Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment, physical harm, damage to reputation, attorneys' fees, and costs.

**ANSWER:**

Defendant denies the allegations contained in Paragraph No. 32 in its entirety.

**COUNT III**
**VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT**
**29 U.S.C. §2601**

33. Plaintiff repeats and reasserts Paragraphs 1 through 32 as this paragraph 33 as if set forth fully herein.

**ANSWER:**

Defendant incorporates is responses to Paragraph Nos. 1 through 32 as and for its response to Paragraph No. 33.

34. Defendant was at all applicable times a qualified employer as defined under the Family and Medical Leave Act (hereinafter "FMLA"), and at all relevant times employed in excess of fifty (50) employees within her work site. Plaintiff was at all times relevant an FMLA eligible employee of the Defendant.

**ANSWER:**

Defendant admits the allegations contained in Paragraph No. 34.

35. The foregoing acts and conduct by Defendant, including but not limited to, failing to fully notify Plaintiff of her rights under the FMLA, failing to provide Plaintiff information pertinent to the FMLA process, altering the terms and conditions of her employment, and terminating Plaintiff's employment, violated the Family and Medical Leave Act.

**ANSWER:**

Defendant denies the allegations contained in Paragraph No. 35.

36. Defendant, individually, and/or by and through its agents, engaged in the foregoing acts and conduct when they knew or should have known that the same were in violation of the Family and Medical Leave Act and any alleged reasons to the contrary are pretextual.

**ANSWER:**

Defendant denies the allegations contained in Paragraph No. 36.

37. Defendant's wrongful acts, individually and/or by and through its agents, were deliberate, intentional, willful, wanton and malicious and in total disregard for Plaintiff's rights under the Family and Medical Leave Act of 1993.

**ANSWER:**

Defendant denies the allegations contained in Paragraph No. 37.

38. As a direct and proximate result of the acts engaged in by Defendant, Plaintiff suffered severe financial damages, including but not limited to loss of pay and benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment; attorneys fees, costs and other damages allowed under the Family and Medical Leave Act.

**ANSWER:**

Defendant denies the allegations contained in Paragraph No. 38.

## COUNT IV
## EMPLOYEE RETIREMENT INCOME SECURITY ACT ("ERISA")
## 29 U.S.C. §1132

39. Plaintiff repeats and reasserts Paragraphs 1 through 38 as this Paragraph 39 as though fully set forth herein.

**ANSWER:**

Defendant incorporates its responses to Paragraph Nos. 1 through 38 as and for its response to Paragraph No. 39.

40. At all relevant times herein, Plaintiff was a participant and beneficiary of the welfare, pension and health benefit plan provided by Defendants.

**ANSWER:**

Defendants deny the allegation contained in Paragraph No. 40 insofar coverage provided by Defendant to Plaintiff is not a "welfare, pension and health benefit plan" for purposes of ERISA because Defendant's plan is exempted from ERISA pursuant to 29 U.S.C. §1003(b)(3).

41. Plaintiff was terminated on or about October 5, 2007, in order to deprive her of continued participation in Defendant's funded employee welfare and benefit program, and to prevent her from receiving benefits under the Worker's Compensation Act.

**ANSWER:**

Defendant denies the allegations contained in Paragraph No. 41.

42. Defendant's motivation and intent for terminating the Plaintiff was discriminatory and in violation of ERISA, 29 U.S.C. § 1132 *et. seq.* Defendant offers no legitimate reason for such differential treatment or for the denial of Plaintiff's participation in said employee benefit program; any proffered reason is pretext for Defendant's illegal motivation.

**ANSWER:**

Defendant denies the allegations contained in Paragraph No. 42.

43. Defendant's actions were intentional, willful and wanton, and done with reckless disregard for Plaintiff's federally protected rights and to the Plaintiff's physical well being.

11

**ANSWER:**

Defendant denies the allegations contained in Paragraph No. 43.

44.     As a direct and proximate result of the acts engaged in by Defendant, Plaintiff suffered severe financial damages, including but not limited to loss of pay, loss of benefits, past and future, and other incidentals and benefits of employment, additional medical expenses, attorneys' fees, costs and other damages allowable under ERISA.

**ANSWER:**

Defendant denies the allegations contained in Paragraph No. 44.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

In her Complaint, Plaintiff alleges that but for alleged discriminatory and/or retaliatory practices Plaintiff would not have sustained a loss in wage rates, salary, and benefits. Plaintiff has an obligation to mitigate her alleged damages. To the extent that Plaintiff has failed to reduce her damages, Plaintiff's damages should be reduced or barred.

### SECOND AFFIRMATIVE DEFENSE

In her Complaint, Plaintiff alleges that she is entitled to lost benefits and wages due to her discharge and/or retaliation for filing a charge of discrimination. Plaintiff's claim for past, present and future loss of earnings and benefits, is subject to a set-off for any interim earnings or benefits acquired by Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

At all times relevant to this action, Defendant believed in good faith that its conduct toward Plaintiff was reasonable and did not violate any provision set forth under Sections 2615(a) through (b) of the Family and Medical Leave Act. Therefore, pursuant to Section 2617(a)(1)(iii) of the FMLA, this Court should not impose liquidated damages against the Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

In her Complaint, Plaintiff alleges that Defendant's motivation for terminating Plaintiff's employment was discriminatory and in violation of ERISA, 29 U.S.C. §1132.  Because Defendant's worker's compensation plan is maintained solely for the purpose of complying with applicable workmen's compensation and/or unemployment disability insurance laws mandated by the State of Illinois, Defendant's worker's compensation plan is exempt from ERISA pursuant to 29 U.S.C. §1003(b)(3) and, therefore, cannot give rise to a cause of action under ERISA.

Dated:  August 25, 2008                                  Respectfully submitted,

                                                                            PATHWAY SENIOR LIVING, LLC.


                                                                            /s/Devlin J. Schoop
                                                                            One of Its Attorneys


Devlin J. Schoop
Laner, Muchin, Dombrow, Becker, Levin, and
 Tominberg, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)

## **CERTIFICATE OF SERVICE**

    Devlin J. Schoop, an attorney, hereby certifies that on this 25th day of August, 2008, he caused Defendant's Answer and Affirmative Defenses to Complaint at Law to be filed electronically with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, by operation of the Court's CM/ECF system and served on Plaintiff's counsel of record as follows:

        Kimberly A. Carr
        Erin Buck Kaiser
        Best, Vanderlaan & Harrington
        12 West Cass Street
        Joliet, IL 60432-4292

        /s/ Devlin J. Schoop
        One of the Attorneys for Defendant, Pathway Senior Living, LLC.